COURTS
The Council on Judicial Complaints may make a formal written report public to the same extent as delineated in 22 O.S. 346 [22-346] (1971) at the conclusion of its investigation into the actions of a member of the judiciary charged with misconduct. Attorney General Derryberry is in receipt of your letter requesting an opinion in which you ask, in effect, the following question: May the Council on Judicial Complaints make a formal written report public to the same extent as delineated in 22 O.S. 346 [22-346] (1971) at the conclusion of an investigation into the actions of a member of the judiciary charged with misconduct? Title 20 O.S. 1651-1661 [20-1651-1661] (1976) creates the Council on Judicial Complaints whose function it is to investigate complaints concerning the conduct of persons occupying positions in the Judicial Department of the State of Oklahoma. In that connection, 20 O.S. 1658 [20-1658] (1976) provides in part: "The Council shall promptly investigate all complaints received by it, and shall determine the proper disposition thereof, as provided in this act. To that end, it shall have power to hold hearings, administer oaths or affirmations, receive testimony and other evidence, issue and serve or cause to be served subpoenas requiring testimony or the production of books, records, papers or other tangible evidence . . . . All proceedIngs under this section shall be held in secrecy to the same extent as proceedings before a grand jury." (Emphasis added) With respect to proceedings before a grand jury, 22 O.S. 346 [22-346] (1971) provides: "In addition to any indictments or accusations that may be returned, the grand jury, in their discretion, may make formal written reports as to the conditions and operation of any public officer or public institution investigated by them. No such report shall charge any public officer, or other person with wilful misconduct or malfeasance, nor reflect on the management of any public office as being wilful and corrupt misconduct. It being the intent of this section to preserve to every person the right to meet his accusers in a court of competent jurisdiction and be heard, in open court, in his defense." Since 20 O.S. 1658 [20-1658] (1976) provides specifically that all proceedings under that section are to be held in secrecy to the same extent as proceedings before a grand jury, and since 22 O.S. 346 [22-346] (1971) provides for a formal written report at the discretion of the grand jury within the limitations set forth therein, a plain reading of these two statutes is dispositive of your question. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. The Council on Judicial Complaints may make a formal written report public to the same extent as delineated in 22 O.S. 346 [22-346] (1971) at the conclusion of its investigation into the actions of a member of the judiciary charged with misconduct. (PAUL C. DUNCAN)